**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

BENJAMIN MICHAEL RAYMOND,
also known as Sean Williams,

Defendant-Appellee.

No. 04-2105
(D.C. No. CR-03-2066-MV)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The government appeals the district court's order releasing Benjamin Raymond prior to trial. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), and we affirm.

I.

Mr. Raymond was indicted on October 17, 2003, on one count of being a felon in possession of firearms and ammunition. Mr. Raymond was arrested on the indictment and the government filed a motion seeking his detention on the grounds that he was a danger to the community and a flight risk. After a detention hearing in November, a magistrate judge ordered his release and placed him in the custody of La Pasada Halfway House. In January 2004, a Pretrial Services Officer filed a petition charging Mr. Raymond with violating one of the conditions of his release. Specifically, Mr. Raymond was charged with giving his urine to other residents of La Pasada in order to obstruct the drug testing process. As a result of this violation, the magistrate judge ultimately revoked Mr. Raymond's release and he ordered Mr. Raymond's detention prior to trial.

On April 14, Mr. Raymond appealed the magistrate's detention order. On May 4, the district court held a hearing and heard argument from both parties. The court also heard from Mr. Raymond's Pretrial Services Officer, Don Gassoway. Mr. Gassoway told the court that he had concerns about Mr. Raymond's criminal history, but that he felt there were special conditions the

court could impose to address those concerns. The court then ordered the release of Mr. Raymond under the conditions recommended by Mr. Gassoway.

At the government's request, the court temporarily stayed its order until May 10. The government then filed a notice of appeal to this court and a motion with the district court requesting a stay pending appeal. On May 14, the district court denied the government's stay motion. On the same day, the government filed a motion to stay with this court, which was denied on May 17. Mr. Raymond has been released to the third party custody of his wife.

II.

Under the Bail Reform Act, a defendant must be released pending trial unless a judicial officer finds "that no combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Upon motion by the government and when certain other criteria are met, the judicial officer must hold a hearing to determine if any of the conditions in § 3142(c) would permit the safe release of the defendant. *Id.* § 3142(f). At the hearing, "[t]he government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros,* 328 F.3d 610, 616 (10th Cir. 2003) (internal citations omitted).

We review *de novo* mixed questions of law and fact concerning the detention or release decision. *Id.* at 613.

A.

At his detention hearing, Mr. Raymond argued that he was initially found to be suitable for release and that he was sent to a halfway house. Since that decision ordering his conditional release, Mr. Raymond's sole violation involved giving his urine to other residents of the halfway house where he was living, presumably so that they could pass their drug tests. While this was a violation of the conditions of his release, it was not a crime. Mr. Raymond asserted also that, even with this violation, his Pretrial Services Officer recommended that he be released to the third party custody of his wife with the imposition of certain conditions. The Pretrial Services Officer submitted a memorandum with this recommendation to the district court prior to the hearing and testified at the hearing regarding his recommendation. Mr. Raymond's request for release was also based on the fact that his wife recently gave birth to their first child and he would like to be able to spend time with his family and to offer financial assistance prior to serving his sentence.

The government argued that Mr. Raymond's criminal history establishes his dangerousness to the community. Mr. Raymond has been convicted of four felonies, three of which are violent crimes and the other is a controlled substance

offense. Further, the government argued that Mr. Raymond had repeatedly violated his conditions of probation. The government did not present any other evidence at the hearing.

At the close of the hearing, the court found that Mr. Raymond should be released because "the conditions that have been outlined by Mr. Gassoway are sufficient to address the issue of dangerousness, and nonappearance. These conditions are strict, and they permit the Court to release Mr. Raymond, and to protect the community." Aplt. App. at 47. The conditions ordered by the court require that Mr. Raymond be monitored electronically, report to Pretrial Services regularly, maintain employment, only leave the house for work, counseling appointments and medical appointments for himself, his wife, and his child, attend counseling and submit to assessments for anger management, and submit to drug and alcohol testing. In addition, Mr. Raymond's employer is to closely supervise him and to report any absence or tardiness to Pretrial Services.

Although Mr. Raymond does have a significant criminal history, the government did not meet its burden of establishing by clear and convincing evidence that no conditions of his release could reasonably assure the safety of any other person and the community.

B.

The government makes similar arguments regarding the risk that Mr. Raymond would not appear in further proceedings before the district court. The government noted that he is facing a term of imprisonment of at least fifty-seven months, and that it could be significantly higher, and they argued that his prior probation violations suggest that he is likely to flee. In response, Mr. Raymond asserts that he has never failed to appear for a judicial proceeding and that he has never attempted to flee from authorities. Similarly, his probation violations did not involve situations that would indicate that he is a flight risk.

The district court imposed strict conditions on Mr. Raymond's release. The government has not shown by a preponderance of the evidence that the conditions imposed by the district court will not reasonably assure the appearance of Mr. Raymond at further proceedings before the district court.

Because we find no error in the district court's decision to order Mr. Raymond's conditional release, we AFFIRM the judgment of the district court. Appellant's motion to supplement the appendix is denied as moot.

ENTERED FOR THE COURT
PER CURIAM